IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:22-cv-5042 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TERRENCE HOWARD, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST TERRENCE HOWARD**

The United States filed this case to collect the unpaid income tax liabilities assessed against Defendant Terrence Howard. Despite having been properly served with the complaint and summons, Defendant Howard has not answered or otherwise defended this action. The Clerk of Court entered default against him on August 10, 2023. (Doc. No. 11). Because the well-pleaded facts prove Defendant Howard's liability, default judgment should be entered against him under Fed. R. Civ. P. 55(b)(1).

**Background**

The United States filed this action on December 19, 2022. (Doc. No. 1). The United States seeks judgment against Defendant Terrence Howard for federal income tax liabilities for the 2010, 2011, 2016, 2017, and 2019 tax years. (*Id.*)

On July 15, 2023, service was effected against Defendant Terrence Howard under Fed. R. Civ. P. 4(e)(2)(B). The process server left a copy of the complaint and summons with Mira Pak[1] at 2161 S Farrell Court, La Habra, California 90631 (the "**La Habra address**"). (Decl. of Bryce

---

[1] Mira Pak is also known as Mira Howard.

1

Keizer ¶¶ 5-7 ("Keizer Decl.").) Mira Pak is believed to be the partner and/or spouse of Defendant Howard. According to various internet sources, Defendant Howard married Mira Pak in 2013. The couple divorced two years later. But in late December 2018, various news sources reported that Defendant Howard proposed to Mira Pak and that they were to be remarried. (*See* Ex. F, People Article Titled "Terrence Howard Engaged to Ex-Wife Mira Pak Over 3 Years After Their Divorce"; Ex. G, Castanet Article Titled "Terrence to remarry ex-wife"; Ex. H, USA Today Article Titled "'Empire' star Terrence Howard proposes to ex-wife Mira Pak, three years after divorce."). Since December 2018, multiple articles have referred to Mira Pak as Defendant Howard's wife. (*See* Ex. I, Article Describing Defendant Howard Co-Founding Talent Discovery Platform with Wife Mira Howard; Ex. J, Article Noting President of Uganda Visited Defendant Howard and Wife Mira Pak; Ex. K, Article Referencing Defendant Howard and his Wife Mira.) During an interview streamed on YouTube on June 20, 2023, Defendant Howard references his "wife." (*See* https://www.youtube.com/watch?v=9Xtf4NqcuM8 at 1:02:16.) Based on this evidence, it appears that Defendant Howard and Mira Pak hold themselves out to the public as a married couple.

When the process server arrived at the La Habra address, Mira Pak told the process server that Defendant Howard was home and went to get him. (*Id*. ¶ 8.) The process server could hear Defendant Howard cursing and swearing in another room. (*Id*.) Mira Pak returned and told the process server that Defendant Howard would not come to the door. (*Id*. ¶ 9.) The process server then served the papers on Mira Pak. (*Id*. ¶ 10.)

On August 17, 2023, the undersigned received a voicemail message from an individual who identified herself as Mira Howard. The individual stated that some mail came for Defendant Howard, and she opened the mail. The individual stated that the mail contained some misinformation. The individual stated that she never received anything on behalf of Defendant

Howard, and that she did not accept service. The individual added that her name on the paperwork is incorrect.[2] The individual further stated she had recently returned home from a business trip, and that her sister was taking care of the house in her absence. The individual stated that her sister said that a gentleman came to the house about a month ago. Despite this phone call, service upon Defendant Howard was still properly effected on July 15, 2023, as shown below. (*See* Section II, *infra*.)

Defendant Howard's response was due on August 7, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a defendant to submit a responsive pleading within 21 days after being served with the summons and complaint). Defendant Terrence Howard failed to answer or otherwise respond to the complaint, and, accordingly, the Clerk of Court entered default against him on August 10, 2023. (Doc. No. 11).

## Argument

### I. This Court Has Subject Matter Jurisdiction over the Suit.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. § 7402(a). (Doc. No. 1, ¶ 1). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1340 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." Section 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof, expressly authorized to sue by Act of Congress." Lastly, Section 7402(a) of the Internal Revenue Code

---

[2] After receiving the voicemail message, the undersigned asked the process server how he determined that the individual's legal name was "Miranda" (rather than "Mira.") The process server sent a corrected proof of service, which listed Mira Pak as the individual served. (*See* Doc. No. 12.)

provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue civil actions, . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."

The Court has subject matter jurisdiction because this suit has been brought by the United States to reduce Defendant's unpaid federal income tax liabilities, penalties, and interest to judgment. This action constitutes: (a) a civil action arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331; (b) a "civil action . . . providing for internal revenue" pursuant to 28 U.S.C. § 1340; (c) a "civil action . . . commenced by the United States" pursuant to 28 U.S.C. § 1345; and (d) a suit necessary to enforce the internal revenue laws pursuant to 26 U.S.C. § 7402(a). This Court therefore has subject matter jurisdiction over this matter.

**II.     Defendant Howard Was Properly Served with the Complaint and Summons.**

To obtain default judgment, the plaintiff must properly serve the defendant with the summons and complaint. *Carruth v. Pennsylvania*, 779 F. App'x 993, 995 (3d Cir. 2019). Fed. R. Civ. P. 4(e)(2)(B) provides that an individual may be served if a copy of the summons and complaint is left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

An individual can have multiple dwelling houses or usual places of abode if each contains sufficient indicia of permanence. *United States v. Mellon*, 719 Fed. Appx. 74, 76-77 (2d Cir. 2018) (quoting *Natl. Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991)); *Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994). *See also Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006) (noting that an individual may have more than one dwelling or usual place of abode, provided each contains sufficient indicia of permanence, and that

4

an "individual need not be living in that place at that time in order for it to qualify as his usual place of abode for purposes of Rule 4(e)").

Here, the process server effected service by leaving a copy of the complaint and summons with Mira Pak at the La Habra address. The United States asserts that the La Habra address is a dwelling house or usual place of abode of Defendant Howard for at least three reasons. First, Defendant Howard was present at the house when the process server arrived. (Keizer Decl. ¶ 8.) Second, in 2021, Defendant Howard was properly served by personal service at the La Habra address in another case. (*See* Ex. C, 2021 Proof of Service for Terrence Howard.) And finally, it is believed that Defendant Howard's partner/wife Mira owns and resides at the La Habra address, which is further evidence that Defendant Howard resides there as well. (*See* Ex. B, La Habra Deed.) Accordingly, the evidence indicates that the La Habra address is one of Defendant Howard's dwelling houses or usual places of abode.

The process server left the papers with Mira Pak, who is someone of suitable age and discretion who resides at the La Habra address. Mira Pak is of suitable age and discretion, because she is an adult woman who owns the La Habra address. (*See* Ex. B, La Habra Deed.) The United States asserts that Mira Pak resides at the La Habra address, because she owns the property. Additionally, in 2021, Mira Pak was properly served by personal service at the La Habra address in another case. (*See* Ex. D, 2021 Proof of Service for Mira Pak/Mira Howard.)

Although an individual who identified herself as Mira Howard telephoned the undersigned and asserted that she had not accepted service, the process server has affirmed that the individual he served looked identical to the picture he had of Mira Pak. (Keizer Decl. ¶¶ 6,7.) The process server signed an affidavit attesting to this, and he completed a return of service.

"A return of service generally serves as *prima facie* evidence that service was validly performed." *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008). *See also Curley v. Radow*, No. CIVA 00-10956 GAO, 2007 WL 2060015, at *4 (D. Mass. July 16, 2007), *order clarified*, No. CIV. A. 00-10956-GAO, 2007 WL 2964333 (D. Mass. Oct. 10, 2007) (noting that a return of service is strong evidence of service). This *prima facie* evidence of valid service "'can be overcome only by strong and convincing evidence.'" *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)); *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010).

Here, to overcome the presumption of validity of service, Defendant Howard must offer some evidence to rebut the factual statements in the process server's affidavit and return of service. Accordingly, unless Defendant Howard offers strong evidence otherwise, the process server's proof of service establishes valid service.

Furthermore, when the process server arrived at the La Habra address, Defendant Howard was present at the home, but refused to come to the door. (Keizer Decl. ¶¶ 8, 9.) If Defendant Howard received notice of the suit, Rule 4 is to be liberally construed to uphold service. *See United States v. Sharpe*, No. 22-2499, 2023 WL 4636443, at *1 (3d Cir. July 20, 2023) (quoting *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)).

**III.    This Court Has Personal Jurisdiction over Defendant Howard.**

A court must have personal jurisdiction over the defendant before granting default judgment. *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E. D. Pa. 2006). Personal jurisdiction can either be general or specific. *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022). "[A]n individual is subject to general jurisdiction in her place of domicile." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Domicile is established by an

"objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovesna, LLC*, 652 F.3d 340, 344 (3d. Cir. 2011). Several factors are considered when determining an individual's domicile, including payment of personal taxes, house of residence, declarations, exercise of political rights, driver's license, and location of spouse and family. *Id*.

Defendant Howard is domiciled at 3008 Spring Mill Road, Plymouth Meeting, Pennsylvania 19462 (the "**Spring Mill address**"), which is within the Eastern District of Pennsylvania, for at least three reasons. First, Defendant Howard has a Pennsylvania driver's license. (Colwell Decl. ¶ 12.) The address on Defendant's driver's license is the Spring Mill address. (*Id*.) Second, Defendant Howard represents to the IRS that he lives at the Spring Mill address. For example, Defendant Howard requested an extension of time to file his 2022 tax return. (Colwell Decl. ¶ 13.) On his 2022 extension request, Defendant Howard listed the Spring Mill address as his address. (*Id*.) Similarly, Defendant Howard listed the Spring Mill address on his 2021 extension request, as well as his 2019 and 2020 tax returns. (*Id*. ¶ 14.) Lastly, in 2022, Defendant Howard asserted in a California state court pleading that he resides in Pennsylvania. (*See* Ex E, ¶ 2.) This establishes that Defendant Howard is domiciled at the Spring Mill address.

**IV.   Default Judgment Should be Entered Against Terrence Howard.**

Under Rule 55(b)(1), the Clerk may properly enter default judgment when three requirements are satisfied: (1) the relief is for a sum certain or which can be made certain by computation; (2) the defendant has not made an appearance; and (3) the defendant is neither an infant nor an incompetent person. *See Manufacturers and Traders Tr. Co. v. Chalpin Dental Associates, P.C.*, No. CIV.A. 10-7342, 2012 WL 1033862, at * (E.D. Pa. Mar. 28, 2012) (quoting

*Byrd v. Keene Corp.*, 104 F.R.D. 10, 11-12 (E.D. Pa. 1984)). Here, all three requirements have been met and default judgment should be entered.

First, the amount sought against Defendant is for a sum certain as stated in the attached declaration of Revenue Officer Scott Colwell. As of August 28, 2023, Defendant Howard was indebted to the United States in the sum of $884,792.28 for unpaid federal income taxes, penalties, and interest for the 2010, 2011, 2016, 2017, and 2019 tax years. (Decl. of IRS Revenue Officer Scott Colwell ¶¶ 7,8 ("Colwell Decl.").) Interest and statutory additions will continue to accrue after August 28, 2023, until the liability is paid in full. (*Id*. ¶ 8.)

The United States seeks a judgment that includes interest and statutory additions, which is still a claim for a sum certain or a sum that can be made certain by computation. Interest and statutory additions are statutorily fixed and capable of mathematical calculation. These amounts will continue to accrue on a tax debt even if judgment has been entered. Under 28 U.S.C. § 1961(c)(1), the federal post-judgment interest rate does not apply to a federal tax debt; the post-judgment rate accrues in the same manner as other debts as set forth in the Internal Revenue Code. Here, statutory interest accrued from the date Defendant's tax liabilities became due and continue to accrue daily until his tax liabilities are paid in full pursuant to 26 U.S.C. § 6601. The interest rate is calculated and readjusts pursuant to 26 U.S.C. § 6621.

Additionally, statutory additions are located in Chapter 68 of the Internal Revenue Code. Here, the statutory additions that have accrued are four types of penalties: (1) penalty for not prepaying the tax; (2) penalty for late payment of the tax; (3) penalty for failing to file the tax return by the due date; and (4) an accuracy-related penalty. Each penalty assessed here is fixed by statute and is mathematically calculated based on the tax due and the time elapsed. 26 U.S.C.

§§ 6651(a)(1) (failure to file); 6651(a)(2) (late payment); 6654 (failure to prepay); 6662 (accuracy-related penalty).

Default judgment should be entered against Defendant Howard under Fed. R. Civ. P. 55(b)(1). Because the interest and statutory additions are fixed by statute, the amount sought is for a sum certain, even if the precise amount will not be known until the entire judgment has been paid. *See United States v. Mulvenna*, 367 Fed. Appx. 348, 349 (3d Cir. 2010)(unpublished) (holding that, in the United States' suit to reduce to judgment federal tax assessments, the clerk properly entered default judgment against defendant under Rule 55(b)(1), because the United States' claim was for a sum certain detailed in a declaration accompanying the request for default judgment); *see also United States v. Greer*, No. 18-CV-2497, 2020 WL 5834840, at *4 (D.D.C. Sept. 30, 2020) ("Unpaid taxes, statutory penalties, and interest may qualify as a sum certain, because they can be calculated by using formulas set forth in provisions of the [Internal Revenue Code].").

Second, as detailed above, Defendant has not appeared in this suit despite receiving notice, and an entry of default was properly entered against him.

Finally, Defendant is not a minor, incompetent, or a member of the armed forces. (Doc. 10-1, Decl. of Maria E. Ruwe ¶¶ 11, 12).

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Clerk of Court enter default judgment under Fed R. Civ. P. 55(b)(1) in favor of the United States and against Defendant Howard in the amount of $884,792.28, as of August 28, 2023, for unpaid federal income tax assessments, penalties, and interest for the 2010, 2011, 2016, 2017, and 2019 tax years, plus

interest and statutory interest that have accrued and will continue to accrue until the liability is paid in full.

Dated: September 22, 2023

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Maria E. Ruwe*
MARIA E. RUWE
Trial Attorney, Tax Division
Ohio Bar No.: 0101114
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-746-1624 (v)
202-514-6866 (f)
Maria.E.Ruwe@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive such notice.

Additionally, I hereby certify that on September 22, 2023, I caused a copy of the foregoing document to be mailed via U.S. certified mail to the below addresses:

Terrence Howard
3008 Spring Mill Road
Plymouth Meeting, PA 19462

Terrence Howard
2161 S. Farrell Ct.
La Habra, CA 90631

Terrence Howard
2108 Ash Lane
Lafayette Hills, PA 19444

*/s/ Maria E. Ruwe*
MARIA E. RUWE
Trial Attorney
United States Department of Justice, Tax Division